E-FILED
Wednesday, 28 October, 2009  03:51:53 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.

**KEITH BENNETT JOHNSON,**

**Defendant.**                                                              No. 09-CR-20049-DRH

## ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

This matter is before the Court on Defendant Keith Bennett Johnson's *pro se* motion for dismissal (Doc. 15) of the indictment. The Government has filed a response opposing the motion (Doc. 17). Based on the following, the Court **DENIES** Defendant's motion.

On July 7, 2009, the grand jury indicted Keith Bennett Johnson with retaliation against a federal employee by filing a false lien in violation of **18 U.S.C. § 1521** (Doc. 1). Specifically, the Indictment alleges:

> On or about December 18, 2008, in Champaign County, in the Central District of Illinois, Keith Bennett Johnson (also known as "Keith Bennett"), defendant herein, filed in the public records of the Champaign County Recorder a false lien and encumbrance against the real and personal property of an individual described in [18 U.S.C. § 1114], namely V.K., an officer and employee of the United States Probation Office, on account of the performance of official duties by V.K., knowing and having reason to know that such lien and encumbrance was false and contained materially false, fictitious, and fraudulent statements and representations. In violation of [18 U.S.C.

§ 1521].

Subsequently, on October 13, 2009, Defendant filed a motion for dismissal (Doc. 15). In his motion for dismissal, Defendant advances three arguments for why the Indictment should be dismissed. First Defendant argues that this Court lacks personal jurisdiction over Defendant because he is a "natural person" or sovereign citizen. Defendant further argues that the Indictment should be dismissed because he was not the actual party who filed the lien. Finally, Defendant argues that the Court lacks subject-matter jurisdiction in this case because the lien was filed against an individual and not the United States and therefore the United States had not been harmed by Defendant's actions. The Court will address each of Defendant's arguments in turn.

## II.  Analysis

Defendant has been charged with a violation of **18 U.S.C. §1521** which makes it unlawful to:

> ...file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in section 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation.

Defendant raises three separate arguments in support of his motion for dismissal of the indictment which the Court will address.

**1.  Personal Jurisdiction**

Defendant first argues that this Court lacks personal jurisdiction and

the United States lacks standing over him because, he argues, that the defendant named in the Indictment does not exist.  Basically, Defendant argues that he is a "nonjuridical entity" or a sovereign citizen and thus the Court has no jurisdiction over him.  However, the Seventh Circuit has readily rejected such arguments alleging the sovereignty of citizens, finding such arguments to be frivolous.  **See *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *United States v. Hilgeford*, 7 F.3d 1340, 1342  (7th Cir. 1993) (rejecting the "shop worn" argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991); *United States v. Phillips*, 326 Fed. Appx. 400 (7th Cir. 2009) (dismissing lack of personal jurisdiction argument as frivolous because courts have jurisdiction over defendants brought before them on Indictments alleging violations of federal law)**.  Further, a district court has personal jurisdiction over a defendant who "is within the territory of the United States." ***Burke*, 425 F.3d at 408.**  Thus Defendant is still within the territory of the United States and subject to the laws of the United States.  **See *Hilgeford*, 7 F.3d at 1342 (noting the Seventh Circuit had taken up the proposition that a defendant is a sovereign entity not subject to the laws of the United States and found the proposition to be "simply wrong." (citing *Sloan*, 939 F.2d at 501)).**  Therefore, the Court rejects Defendant's argument that he is somehow a sovereign or "nonjuridical entity" who is not subject to the jurisdiction of this Court.  Thus, the Court **DENIES** Defendant's motion to dismiss on the issue

of lack of personal jurisdiction.

## 2. Indictment Defects

Defendant next argues that there are defects in the Indictment because Defendant was not the actual filing party on the lien. Defendant instead suggests that the Constitutional Crier is the actual filer of the lien. Under **FEDERAL RULE OF CRIMINAL PROCEDURE 7(c)(1)**, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment will be found sufficient if it (1) "states the elements of the crime charged [and] informs the defendant of the nature of the charge so [he] may prepare a defense" and (2) "enables the defendant to plead the judgment as a bar against future prosecutions for the same offense." ***United States v. Harvey*, 484 F.3d 453, 456 (7th Cir. 2007) (citing *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997)); see also *United States v. Moore*, 446 F.3d 671, 675-77 (7th Cir. 2006).** Here, the Indictment tracks the language of the statute and includes enough information to put Defendant on notice "of the statute under which he is being charged and the specific way in which he allegedly violated the law." ***Harvey*, 484 F.3d at 456**. While Defendant argues that he was not the person who actually filed the lien, as the Government points out in their response, such issues regarding who actually filed the lien raises a factual dispute best left for resolution at the trial stage. Such an argument is not proper at the motion to dismiss stage. ***United States v. Yasak*, 884 F.2d 996, 1001 n.3 (7th Cir. 1989) (noting that defendant's pre-trial**

**motion went to the issue of guilt or innocence and involved questions of fact, rather than law, which are normally "within the province of the ultimate finder of fact")**. The Court agrees with the Government. Clearly, the issue of who filed the lien is an issue of fact best left to be resolved at the trial stage. Thus, the Indictment is not defective. Therefore, the Court **DENIES** Defendant's motion to dismiss as to the issue of a defect in the indictment.

3. **Subject-Matter Jurisdiction**

Finally, Defendant argues that the Court should dismiss the Indictment because this Court somehow lacks subject-matter jurisdiction. Specifically, Defendant argues that since the lien was filed at the county recorders office and was filed against an individual and not the "United States of America", the Government has not been harmed by Defendant's actions. Subject-matter jurisdiction in the federal district courts is conveyed by **18 U.S.C. § 3231** "which covers all criminal prosecutions under the United States Code."[1] ***Burke*, 425 F.3d at 408**. The Seventh Circuit has repeatedly held that "district judges *always* have subject-matter jurisdiction based on *any* indictment purporting to charge a violation of federal criminal law." ***United States v. Bjorkman*, 270 F.3d 482, 490 (7th Cir. 2001) (citing *United State v. Martin*, 147 F.3d 529, 531-33 (7th Cir. 1998); *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999))**. Here, the Indictment charges Defendant with filing a "lien and encumbrance against the real and personal property

---

[1] **18 U.S.C. § 3231** states that: "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

of an individual described in [**18 U.S.C. § 1114**], namely V.K. an officer and employee of the United States Probation Office," an offense that is in violation of **18 U.S.C. § 1521**.  Therefore, the Indictment alleges an offenses against the laws of the United States and, thus, this Court has subject-matter jurisdiction.  Defendant's argument to the contrary is without merit.  Accordingly, the Court **DENIES** Defendant's motion for dismissal of the indictment as to the issue of subject-matter jurisdiction.

### III.  Conclusion

Therefore, the Court **DENIES** Defendant's Motion for Dismissal (Doc. 15) of the Indictment.

**IT IS SO ORDERED.**

Signed this 28th day of October, 2009.

/s/   *David R Herndon*
**District Judge**
**United States District Court**