IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.

**KEITH BENNETT JOHNSON,**

**Defendant.**                                                    No. 09-20049-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

## I.  Introduction

Before the Court is Defendant Keith Bennett Johnson's Motion for New Trial (Doc. 31) filed pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 33**. Defendant Bennett states only that the evidence was insufficient to prove guilt beyond a reasonable doubt. He has not submitted a brief in support of his motion, as he states that he has filed this motion only to preserve the standard of review on appeal. The Government has not filed a response. Having reviewed the motion, the Court, in its discretion, has determined that a hearing on Defendant's motion is unnecessary. ***See United States v. Hedman*, 655 F.2d 813, 814 (7th Cir. 1981)**.

Keith Bennett Johnson was found guilty by a jury as to Count 1 of the Indictment (Doc. 35). Count 1 charged Keith Bennett Johnson with filing a false lien against a federal officer in violation of **18 U.S.C. § 1521**.

## II. Legal Standard

Under **FEDERAL RULE OF CRIMINAL PROCEDURE 33**, a defendant may move for a new trial. Upon review, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." **FED. R. CRIM. P. 33(a)**. If the basis for seeking a new trial is not due to new evidence then the Court must determine if a new trial is warranted because there exists a "reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict." ***United States v. Van Eyl*, 468 F.3d 428, 436 (7th Cir. 2006) (citing *United States v. Berry*, 92 F.3d 597, 600 (7th Cir. 1996))**. A new trial may also be warranted where "trial errors or omissions have jeopardized the defendant's substantial rights." ***United States v. Reed*, 986 F.2d 191, 192 (7th Cir. 1993) (citing *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989))**. Such a determination is completely within the Court's sound discretion. ***United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989)(citing *United States v. Nero*, 733 F.2d 1197, 1202 (7th Cir. 1984))**. However, the Court should be mindful that the power bestowed by Rule 33 to grant a new trial should only be done in the "most 'extreme cases.'" ***United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1989) (quoting *United States v. Morales*, 902 F.2d 604, 605 (7th Cir. 1990))**.

## III. Discussion

Defendant Johnson's sole argument in his motion for new trial is that

the evidence was insufficient to prove guilt beyond a reasonable doubt.[1] The Court however finds that the evidence was more than sufficient to support the verdict. The Government presented evidence and the Defendant pursued a vigorous cross examination of the Government's evidence. Ultimately, the jury decided the credibility issue against the Defendant. This will not warrant a new trial and the Court finds that the evidence was not insufficient to prove guilt beyond a reasonable doubt.

### IV.   Conclusion

Accordingly, the Court **DENIES** Defendant's motion for new trial (Doc. 31).

**IT IS SO ORDERED.**

Signed this 29th day of January, 2010.

/s/  David R Herndon
**District Judge
United States District Court**

---

[1] Johnson's motion has no accompanying brief as he states that the motion was filed only to preserve the standard of review on appeal (Doc. 31).