IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**KEITH BENNETT-JOHNSON,**

**Defendant.**                                                      No. 09-20049-DRH

### ORDER

**HERNDON, District Judge:**

### I. Introduction

Before the Court is Defendant Keith Bennett-Johnson's Ex Parte Motion Pro Re Nata, Pro Se (Doc. 45). The Government has filed a Response to Defendant's motion (Doc. 49). Based on the following, the Court **DISMISSES without prejudice for lack of jurisdiction** Defendant's motion (Doc. 45).

### II. Background

On September 21, 2010 Defendant filed what he labeled an ex parte motion pro re nata, pro se (Doc. 45). Defendant argued in his motion that he had ineffective assistance of counsel and that there was alleged perjury on the part of the Government during his trial. Defendant asked that because of the issues at trial, that his sentenced be reduced to one year or that he should be granted a new trial. Defendant also stated in his motion that he wished to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, but believed that his time for filing such a

motion was passed as he stated that it was impossible for him to now file a § 2255 petition.

On October 1, 2010, the Court addressed his motion, finding that Defendant's motion appeared to be a § 2255 petition given the grounds upon which he sought relief, the Court gave Defendant three options: 1) have the Court construe his motion as a § 2255 petition and address the merits of such motion, 2) dismiss his motion so that he could file a new § 2255 petition with any additional issues he wished to address which fell under the statute, or 3) characterize his motion as a motion for new trial. The Court noted that while his motion did not appear to be a motion for new trial properly characterized under Federal Rule of Criminal Procedure 33, the Court would allow him to describe the motion as such if he so chose.

However, on October 18, 2010 Defendant filed his Response to the Court's Order (Doc. 47) rejecting all three options given to him by the Court. Instead, Defendant failed to elect any of the options provided by the Court, arguing that the motion was not a habeas petition as he did not wish to attack the judgment in this case. He, instead, insisted that his motion should be ruled on as a "pro re nata" motion. Defendant also offered to "do the remainder of his incarceration on Supervised Release" instead of seeking a new trial. In Response to Defendant's insistence that his "pro re nata" not be treated as a writ of habeas corpus under § 2255 but instead as a separate motion apart from any Rule found in the Federal Rules of Criminal Procedure, the Court Ordered the Government to respond to

Defendant's Motion Pre Re Nata (Doc. 45) as well as his Response (Doc. 47) standing by his characterization of the motion. The Government has since filed its Response arguing that the claims in Defendant's motion fall clearly within the purview of § 2255 and should either be construed as such or dismissed due to Defendant's insistence that he is not filing such a petition.

### III. <u>Analysis</u>

Although Defendant insists that his motion be construed as a motion "pro re nata" the Court finds that it is unable to do as Defendant requests. As the Seventh Circuit has squarely pointed out, it does not matter how Defendant titles his motion, but rather his motion should be determined by its substance. **See Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255…*is* a motion under § 2255, no matter what title the prisoner plasters on the cover.")(emphasis in original)**. As Defendant's motion seeks to reduce or vacate his sentence on the grounds of ineffective assistance of counsel and perjury, his motion clearly falls within the confines of § 2255. **See United States v. Rollins, 607 F.3d 500, 504 (7th Cir. 2010); United States v. Evans, 224 F.3d 670, 674 (7th Cir. 2000) ("A defendant whose claim is not that newly discovered evidence supports a claim of innocence, but instead that he has new evidence of a constitutional violation or other ground of collateral attack, is making a motion under § 2255…no matter what caption he puts on the document.")**. Defendant,

however, insists that his motion not be construed as a § 2255 petition. Further, the Court will not re-characterize his motion without Defendant's consent as the Seventh Circuit prohibits such an action unless the Defendant wants the motion to be construed as such, due to the restrictions on successive petitions. ***See United States v. Moore*, 2008 WL 2463864 (7th Cir. 2008) (Defendant's reply that he did not want his motion characterized as a Section 2255 petition was in effect a withdrawal of the motion); *Castro v. United States*, 540 U.S. 375, 383 (2003).** As Defendant has objected to this Court's re-characterization of his motion as a §2255 petition, the Court must instead dismiss without prejudice his motion.

However, Defendant is adamant that his motion be reviewed as a motion "pro re nata" which, as pointed out by the Government, appears to be mainly a term used in medical writings and does not appear in any case law provided by the Defendant nor in any **FEDERAL RULE OF CRIMINAL PROCEDURE**. Specifically, Defendant wants the Court to avoid following the rules and simply grant his motion based on what Defendant thinks is right under the supposed doctrine of "pro re nata." The Court, however, is unwilling to disregard the decisions of this Circuit and the rules. Instead, Defendant should have taken his claims regarding perjury to the appellate court in a direct appeal or, as the Court has previously advised Defendant, he still has time to file a § 2255 on issues not appropriate for direct appeal, namely his ineffective assistance of counsel claim. As Defendant refuses to file a § 2255 petition at this time, the Court must dismiss his current motion without prejudice

for lack of jurisdiction as the Court has no authority to hear motions once judgment is entered, except to the extent authorized by statute or rule.  **See Carlisle v. United States, 517 U.S. 416 (1996)**.  As Defendant admittedly fails to bring this motion under any authorized statute or rule, his motion must be dismissed.

### IV.  Conclusion

Accordingly, the Court **DISMISSES without prejudice** Defendant's ex parte motion pro re nata (Doc. 45) for **lack of jurisdiction**.

**IT IS SO ORDERED.**

Signed this 29th day of October, 2010.

/s/     David R Herndon
**District Judge
United States District Court**